**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JAMES PAUL MANGHAM,

      Petitioner-Appellant,

v.

STATE OF OKLAHOMA;
DEWAYNE T. BEGGS,

      Respondents-Appellees.

No. 99-6220
(W.D. Okla.)
(D.Ct. No. 97-CV-602-L)

_____

**ORDER AND JUDGMENT***

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

     * This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant James Paul Mangham appeals *pro se* the district court's decision dismissing his 28 U.S.C. § 2254 petition. We deny Mr. Mangham a certificate of appealability and dismiss his appeal.

The State of Oklahoma charged Mr. Mangham with first degree manslaughter as a result of an auto-pedestrian collision. A jury convicted Mr. Mangham of negligent homicide, after which he received a sentence of one year in county jail.[1] On direct appeal, the Oklahoma Court of Criminal Appeals affirmed his conviction and sentence. In his § 2254 motion filed on April 21, 1997, Mr. Mangham raised the same issues raised in his state appeal, claiming insufficient evidence existed for conviction of negligent homicide and that the trial court's failure to give a jury instruction on "proximate cause" rendered his trial fundamentally unfair.

A federal magistrate judge issued a thorough Report and Recommendation, recommending denial of Mr. Mangham's petition because his claims lacked merit. Mr. Mangham filed an objection to the recommendation, claiming: (1) application of the standard of review under the Anti-Terrorism and Effective

---

[1] Mr. Mangham will begin serving this sentence once he serves a federal sentence of 151 months for conviction of distribution of methamphetamine.

Death Penalty Act constituted an impermissible retroactive application of the Act, and (2) the magistrate judge impermissibly gave too much weight to the Oklahoma Court of Criminal Appeals' decision. The district court issued a decision, determining the magistrate judge provided a cogent analysis of the issued presented by Mr. Mangham, performed an exhaustive review of the claims, and correctly found them lacking. In addition, the district court rejected Mr. Mangham's objections to the recommendation, finding: (1) the Anti-Terrorism and Effective Death Penalty Act standard of review applied because he filed his petition after the effective date of the Act, and (2) the magistrate judge did not give undue deference to the state court's rationale. After conducting a *de novo* review, the district court adopted the magistrate judge's report and recommendation in its entirety and denied the petition.

On appeal, Mr. Mangham raises the same arguments raised in his petition and addressed by the district court. He also raises the same issue on the application of the Anti-Terrorism and Death Penalty Act, as contained in his objection to the magistrate judge's recommendation and addressed by the district court. We review the district court's factual findings for clear error and its legal basis for dismissal of Mr. Mangham's petition *de novo*. *See Roger v. Gibson*, 173 F.3d 1278, 1282 and n.1 (10th Cir. 1999), *petition for cert. filed* (U.S. Nov. 5,

1999) (No. 99-6954). In order for Mr. Mangham to proceed on appeal, he must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). After a careful review of the record, we agree with the district court that Mr. Mangham fails to make the requisite showing. For substantially the same reasons set forth in the district court's Order of April 29, 1999 and the magistrate judge's Report and Recommendation of November 30, 1998, we deny Mr. Mangham's request for a certificate of appealability, deny his request to proceed without prepayment of costs or fees, and **DISMISS** the appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge